IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE REVIVAL,<br>1160 E. 55th St.<br>Chicago, IL 60615,<br><br>            Plaintiff,<br><br>   v.<br><br>SMALL BUSINESS ADMINISTRATION,<br>409 3rd Street, SW<br>Washington, DC 20416,<br><br>ISABELLA CASILLAS GUZMAN,<br>Administrator, Small Business Administration,<br>409 3rd Street, SW<br>Washington, DC 20416,<br><br>            Defendants. | Civil Action No. |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiff The Revival ("The Revival" or the "Company"), by and through its attorneys, alleges and states as follows:

**INTRODUCTION**

1. This is an action under the Administrative Procedure Act ("APA"), 5 U.S.C. § 706, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking emergency federal financial assistance unlawfully withheld by Defendants Small Business Administration ("SBA") and its Administrator, Isabella Casillas Guzman.

2. The Economic Aid to Hard-Hit Small Businesses, Nonprofits, and Venues Act, as amended, 15 U.S.C. § 9009a, established the Shuttered Venue Operators Grant ("SVOG") Program to provide emergency financial assistance to eligible live entertainment businesses

impacted by the global COVID-19 pandemic. The SVOG Program is administered by the SBA and Administrator Casillas Guzman.

3. The Revival, an independent improvisation theater in Chicago, demonstrated its eligibility for a SVOG award in its application to the SBA and, following an initial denial, its appeal to the SBA. The SBA denied The Revival's initial application and its appeal.

4. Compounding the injury to The Revival, the SBA granted the SVOG applications of direct competitors of the Company and awarded those businesses SVOG funds that they can use to compete with The Revival.

5. The COVID-19 pandemic has had a devastating impact on The Revival, forcing it to cancel its performances and lose 92% of its revenue, furlough most employees, and reduce compensation for the remaining staff. The Revival needs a SVOG award for precisely the reason Congress created the SVOG Program: to help eligible live entertainment businesses like The Revival recover from the major setbacks they have experienced because of the pandemic.

6. Further, SVOG funds are limited, and once the SBA has depleted the appropriated amount through awards, eligible businesses may not be able to receive the emergency assistance. Thus, even though The Revival demonstrated that it is an eligible live venue promoter, it may receive no assistance if SVOG funds are depleted before the SBA corrects the erroneous denial of The Revival's application.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it presents federal questions under the APA.

8. Venue lies in this district under 28 U.S.C. § 1391(e)(1).

9. This Court has authority to issue declaratory and injunctive relief under 5 U.S.C. § 706 and 28 U.S.C. §§ 2201 and 2202.

## PARTIES

10. Plaintiff The Revival, LLC, is an independent improvisational theater on Chicago's South Side, the birthplace of improvisation. Founded in 2015, The Revival puts on approximately 100-150 live events each year.

11. Defendant Small Business Administration is an independent agency of the federal government. The SBA's mission is to help Americans start, build, and grow businesses.

12. Defendant Isabella Casillas Guzman is the Administrator of the SBA and oversees its operations. Administrator Casillas Guzman is sued in her official capacity.

## BACKGROUND

**A. Shuttered Venue Operators Grant Program**

13. The Economic Aid to Hard-Hit Small Businesses, Nonprofits, and Venues Act (the "Act"), signed into law December 27, 2020, included $15 billion for grants to operators of shuttered venues and entities impacted by shuttered venues. Pub. L. No. 116-260 § 324. The American Rescue Plan, enacted March 11, 2021, amended the Act by providing an additional $1,249,500,000 for SVOG awards. Pub. L. No. 117-2 § 5005(a).

14. SVOG awards may be used for specified business expenses, including payroll, rent and utility payments that are incurred between March 1, 2020, and December 31, 2021. 15 U.S.C. § 9009a(d)(1)(A)(i).

15. An eligible entity may receive a SVOG award in an amount equal to 45 percent of its gross earned revenue in 2019. 15 U.S.C. § 9009a(c).

16. Eligible businesses with 2021 first quarter revenues of no more than 30% of their 2019 first quarter revenues are eligible for supplemental grants in the amount of 50 percent of the original award amount, up to a maximum combined initial and supplemental SVOG award amount of $10 million. 15 U.S.C. § 9009a(b)(3)(A); SBA, *SBA Opens Supplemental Grant Applications for Shuttered Venue Operators Grant Awardees* (Aug. 27, 2021), https://www.sba.gov/article/2021/aug/27/sba-opens-supplemental-grant-applications-shuttered-venue-operators-grant-awardees. Supplemental awards can be used for costs incurred through June 30, 2022. 15 U.S.C. § 9009a(d)(1)(A)(i).

17. Eligible entities under the Act include live performing arts organization operators, as well as live venue operators and promoters, theatrical producers, museum operators, motion picture theater operators, and talent representatives. 15 U.S.C. § 9009a(a)(1)(A).

18. In addition to falling within an eligible business category, to qualify for a SVOG award a business must meet general eligibility criteria including, *inter alia*, that the business was fully operational on February 29, 2020, suffered at least a 25% reduction of gross earned revenue during at least one quarter of 2020 as compared to 2019, and has reopened or intends to reopen. 15 U.S.C. § 9009a(a)(1)(A). The Act lists a number of characteristics that would render an entity ineligible, including, *inter alia*, issuance of securities on a national securities exchange, employing more than 500 employees, and presenting live performances of a prurient sexual nature. *Id.* § 9009a(a)(1)(A)(vi), 9009a(a)(1)(B).

19. The Act defines live performing arts organization operator to include an entity that as a principal business activity organizes, promotes, produces or hosts "events by performing artists" for which there is a ticketed cover charge, performers are paid a guaranteed amount by

contract, and not less than 70 percent of revenue is generated through ticket sales or event beverages, food or merchandise.  15 U.S.C. § 9009a(a)(3)(A)(i).

20. The Act specifies that for a live performing arts organization operator (as well as a live venue operator or promoter or theatrical producer), it must have additional characteristics.  It must promote events with defined performance and audience spaces; use mixing equipment, a public address system and a lighting rig; engage one or more individuals to carry out at least two of the following roles—sound engineer, booker, promoter, stage manager, security personnel, or box office manager; sell tickets or impose a cover charge for most performances; fairly pay artists; and market its events including through print or electronic publications, websites, mass email, or social media.  15 U.S.C. § 9009a(a)(1)(A)(iii).

**B.     The Revival's SVOG Application and the SBA's Denial**

21. On April 26, 2021, The Revival applied for a SVOG award of $172,681.20.

22. In its application, The Revival demonstrated that it satisfied the criteria for eligibility as a live performing arts organization operator.  It also submitted certifications of eligibility required by the SBA's guidance on SVOG applications.

23. On June 23, 2021, The Revival learned from the SBA's SVOG portal that its application was denied.  The portal's denial notice gave no explanation of the reason why the SBA found The Revival ineligible.

24. On August 21, 2021, The Revival submitted an administrative appeal of the denial to the SBA.  Because the denial included no explanation, The Revival's appeal elaborated on why it satisfies all of the criteria for eligibility as a live performing arts organization operator.  The Revival explained in detail and with supporting documentation how it meets each of the

general eligibility requirements for a SVOG award and each of the specific eligibility requirements for live performing arts organization operator.

25.     The documents The Revival submitted to the SBA include:  federal tax returns; quarterly profit and loss summaries; box office reports; copies of print marketing materials and links to electronic marketing materials; photographs of its theater; a diagram of the theater floor plan; a report of service on and photographs of its audio mixing equipment, public address system and lighting rig; copies of its 2019 payroll for performers; its employee list including stage manager, box office manager, artist, and sound & lighting engineer; and its job descriptions for the positions of stage manager, box office manager and sound & lighting engineer.  The Revival additionally provided a comfort letter from its certified public accountant confirming the accuracy of the Company's tax returns, its principal business activity as a live performing arts organization operator, and that not less than 70% of its earned revenue comes from ticket sales, sales of beverages, production fees/reimbursements and educational initiatives.

26.     On October 27, 2021, the SBA notified The Revival by email that its appeal was denied.  The email listed a standard set of the reasons an appeal could be denied based on the SVOG Eligibility Matrix, and stated that The Revival's appeal was declined "at least in part" based on reasons 10 and 11.  Reason 10 is listed as "Did not meet the principal business activity standard for the entity type under which applied," and Reason 11 is listed as "Did not meet one or more of the eligibility criteria specific to the entity type under which applied."  The email then provided a boilerplate statement:

> Please note the list provided in this email may not be a comprehensive list of reasons for your decline.  To receive additional information as to why your SVOG application was declined, please complete this form (direct link: https://forms.office.com/g/B7DeKGgF1z). The SBA will aim to provide this more specific detail on appeal declines once the SVOG initial application reviews are complete.

27. The SBA's October 27, 2021 denial of The Revival's appeal is the agency's final decision.

28. The SBA approved the SVOG applications of four other Chicago theaters with business models identical to The Revival's business model: The Annoyance, https://www.theannoyance.com/; Laugh Out Loud, https://www.laughoutloudtheater.com/schaumburg; ComedySportz Chicago, https://www.cszchicago.com/; and The Second City, Inc., https://www.secondcity.com/. Like The Revival, each presents improvisation shows and sells tickets to the performances.

## CLAIMS FOR RELIEF

29. The courts recognize a strong presumption favoring judicial review of administrative action.

30. The APA provides that "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702.

31. The APA provides that "final agency action for which there is no other adequate remedy in a court" is "subject to judicial review." 5 U.S.C. § 704.

32. The APA provides that courts will "hold unlawful and set aside" agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" or "unsupported by substantial evidence." 5 U.S.C. § 706(2)(A) and (E), respectively.

33. The SBA is an "agency" whose final actions are reviewable under the APA.

## COUNT I - ARBITRARY AND CAPRICIOUS AGENCY ACTION

34. The Revival realleges and incorporates by reference each of the preceding paragraphs and allegations.

35. A basic requirement of administrative law is that an agency provide the reasons for its decisions. However, the SBA gave no reason for denying The Revival's application, and provided only a conclusory decision that does not explain the agency's reasoning when it denied The Revival's appeal.

36. The SBA further erred by treating The Revival disparately from similarly situated direct competitors that were granted SVOG awards. Specifically, the SBA approved the SVOG applications of four Chicago improvisational theaters with business models identical to The Revival's: The Annoyance, Laugh Out Loud, ComedySportz Chicago, and The Second City.

37. The SBA's decision on The Revival's SVOG application also conflicts with the evidence the Company presented of its eligibility for a SVOG award as a performing arts organization operator.

38. For all of these reasons, the SBA's denial of The Revival's SVOG award request is arbitrary and capricious.

## COUNT II - AGENCY ACTION CONTRARY TO LAW

39. The Revival realleges and incorporates by reference each of the preceding paragraphs and allegations.

40. The Revival meets the Act's definition of live performing arts organization operator and satisfies the Act's general eligibility criteria for a SVOG award.

41. The SBA's denial of The Revival's SVOG award request therefore violated the Act and is contrary to law.

## COUNT III - AGENCY DECISION UNSUPPORTED BY SUBSTANTIAL EVIDENCE

42. The Revival realleges and incorporates by reference each of the preceding paragraphs and allegations.

43. The SBA's denial of The Revival's SVOG award request is supported by no evidence in the record, let alone substantial evidence. The Revival's application and appeal presented evidence that demonstrates The Revival is eligible for a SVOG award.

44. The SBA's denial of The Revival SVOG award request is thus unsupported by substantial evidence.

**PRAYER FOR RELIEF**

For the foregoing reasons, The Revival respectfully requests that this Court:

1. Declare unlawful and set aside Defendants' denial of The Revival's SVOG award request.

2. Preliminarily and permanently order Defendants to consider The Revival's application for a SVOG award consistent with applicable law and the evidence before the SBA.

3. Preliminarily and permanently order Defendants to award The Revival $172,681.20 in SVOG funds.

4. Preliminarily and permanently order Defendants to grant The Revival a supplemental SVOG award of $86,340.6.

5. Preliminarily and permanently order Defendants to retain appropriations from the Economic Aid to Hard-Hit Small Businesses, Nonprofits, and Venues Act (Pub. L. No. 116-260 § 324) and/or the American Rescue Plan (Pub. L. No. 117-2 § 5005(b)) in an amount sufficient to fund Plaintiff's SVOG initial and supplemental grant awards.

6. Award Plaintiffs their costs and reasonable attorney fees; and

7. Grant such other and further relief as the Court deems just and proper.

Dated: November 15, 2021

Respectfully submitted,

/s/ Caroline L. Wolverton

_____

Angela B. Styles
D.C. Bar No. 448397
Caroline L. Wolverton
D.C. Bar No. 496433
AKIN GUMP STRAUSS HAUER & FELD LLP
2001 K Street, N.W.
Washington, DC 20006
(202) 887-4000

*Counsel for Plaintiff The Revival, LLC*